UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-00215

**NetLens Technologies Inc.,**
*Plaintiff,*
v.
**Microsoft Corporation,**
*Defendant.*

## MEMORANDUM OPINION AND ORDER

Defendant Microsoft moves to dismiss portions of Plaintiff NetLens' First Amended Complaint alleging patent infringement. Defendant argues that Plaintiff has no standing under the Patent Act to sue for infringement, and that, even if it did, it has no right to sue for infringement that occurred before it obtained a license to the patents. The Court grants the motion in part and denies the motion in part.

Plaintiff has statutory standing to sue for patent infringement because its license to the patents conveyed all substantial rights in those patents. Plaintiff does not, however, have the right to sue for infringement that allegedly occurred before Plaintiff obtained the license because the license did not expressly convey that right. Plaintiff's patent infringement claims are therefore dismissed only to the extent they allege pre-license infringement.

## BACKGROUND

### A. Factual Background

In its First Amended Complaint ("FAC"), NetLens ("Plaintiff") claimed that Microsoft ("Defendant") infringed U.S. Patent Nos. 8,910,154 ("'154 Patent"), 9,417,901 ("'901 Patent"),

9,705,745 ("'745 Patent"), and 10,063,630 ("'630 Patent") (collectively, "Asserted Patents"). FAC at ¶ 2 (ECF No. 9). Those patents are directed to software that improves the quality of virtualization, cloud monitoring and related network technologies. *Id.* Plaintiff asserts that it "owns all rights, title and interest" in the four patents at issue. *Id.* at ¶¶ 31, 43, 55, 67.

The '901, '745, and '630 Patents were originally assigned to a South Korean entity called Electronics and Telecommunications Research Institute ("ETRI"). FAC Ex. 3 at 2 (U.S. Patent No. 9,417,901) (ECF No. 9-5); FAC Ex. 5 at 2 (U.S. Patent No. 9,705,745) (ECF No. 9-8); FAC Ex. 7 at 2 (U.S. Patent No. 10,063,630) (ECF No. 9-11). In October 2024, ETRI entered into an exclusive patent license agreement with Hipe IP Inc. ("Hipe"). Mot. Ex. 2 at 4 ("ETRI-Hipe License") (ECF No. 18-2). The relevant terms of the ETRI-Hipe License state:

> [ETRI] grants to [Hipe] the right to exclusively practice all of the patented inventions of the ['901, '745, and '630] Patents as a business world-wide across all sectors . . . until the expiration of all issued patents . . . . This [e]xclusive [l]icense includes all substantial rights regarding patents, including, but not limited to, [Hipe] utilizing the Patents without the consent of [ETRI] for [m]onetization by methods such as [Hipe] independently granting licenses to [t]hird [p]arties for all past, present, and future periods of time, . . . the right to independently engage in [p]atent [l]itigation, etc.

*Id.* at 5. On July 22, 2025, Hipe filed its agreement conveying that exclusive license to Plaintiff ("Hipe-NetLens License") with the U.S. Patent and Trademark Office. Mot. Ex. 1 at 2–4 (ECF No. 18-1). The relevant terms of the Hipe-NetLens License are publicly available and state:

> NetLens [] confirms that it will succeed to the contractual status of [Hipe] in the [ETRI-Hipe License] for the ['901, '745, and '630] patents[.] . . . [NetLens] shall succeed to all the rights and the obligations of [Hipe] regarding ETRI.

*Transfer of Exclusive License*, U.S. PAT. & TRADEMARK OFF. (Jul. 22, 2025) [hereinafter *Transfer of Exclusive License*], https://assignmentcenter.uspto.gov/ipas/search/api/v3/public/download/patent/72836/14 [https://perma.cc/4SWG-ZWQC].

After allegedly observing that Defendant's Azure cloud computing platform appropriated technology covered in the Asserted Patents, Plaintiff filed this suit for patent infringement.

**B. Procedural Background**

In its FAC, Plaintiff filed four counts of patent infringement against Defendant under 35 U.S.C. § 271. FAC at ¶¶ 30-77. On December 12, 2025, Defendant moved to dismiss three of Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim on which relief can be granted. Mot. at 5 (ECF No. 18). Defendant only challenges Plaintiff's claims involving the '901, '745, and '630 patents ("Selected Patents"). *Id.* at 1. In the alternative, Defendant asks the Court to dismiss Plaintiff's claims for past infringement pertaining to the Selected Patents. *Id.*

## LEGAL STANDARD

"The district courts of the United States are courts of limited jurisdiction[.]" *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). Rule 12(b)(1) of the Federal Rules of Civil Procedure enables a party to challenge the subject-matter jurisdiction of the Court to hear a case. A plaintiff's standing under Article III of the Constitution "is [a question] of subject matter

jurisdiction," and is properly raised in a 12(b)(1) motion. *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted). Jurisdiction (or lack thereof) may be determined based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Kling v. Hebert*, 60 F.4th 281, 284 (5th Cir. 2023) (citation omitted).

Rule 12(b)(6) entitles a defendant to dismissal when the complaint "fail[s] to state a claim upon which relief can be granted[.]" FED R. CIV. P. 12(b)(6). When deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Regional circuit law establishes the legal test for review of 12(b)(1) and 12(b)(6) motions. *See Univ. of. S. Florida Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1323 (Fed. Cir. 2021); *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1325 (Fed. Cir. 2017). And federal circuit law

governs the substantive elements of standing under the Patent Act. *See AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024).

## Analysis

Defendant argues that Plaintiff's inability to enforce the Selected Patents deprives Plaintiff of standing to sue for infringement under the Patent Act. Plaintiff, however, met the requirements to sue for infringement because it has all substantial rights in the Selected Patents. Defendant also argues that Plaintiff cannot sue for past infringement because the license agreement did not expressly grant that right. Plaintiff does not allege nor otherwise demonstrate that the license expressly granted the right to sue for past infringement. Plaintiff's claims for past infringement are therefore dismissed.

### I. Standing

Plaintiff satisfied both the constitutional and statutory requirements to bring this suit. "As long as a plaintiff alleges facts that support an arguable case or controversy under the Patent Act, the court has both the statutory and constitutional authority to adjudicate the matter." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1071 (Fed. Cir. 2020). Although Defendant's motion is styled under 12(b)(1) and 12(b)(6), it does not actually attack Plaintiff's standing on constitutional grounds under 12(b)(1). Even if it had, its argument would fail. In patent cases, licensees have constitutional standing to sue for patent infringement if they "retained at least one exclusionary right" in the patent. *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 813 (Fed. Cir. 2024). By Defendant's own admission, the ETRI-Hipe License gave Hipe "an exclusive right" to "practice the patents." Mot. at 11

(cleaned up).[1] That easily passes muster for constitutional standing. *See A.L.M. Holding Co. v. Zydex Indus. Priv. Ltd.*, 176 F.4th 1326, 1332 (Fed. Cir. 2026) ("[E]xclusionary rights involve the ability to exclude others from practicing an invention or to forgive activities that would normally be prohibited under the patent statutes." (internal citation and quotation marks omitted)).[2]

Defendant primarily argues that Plaintiff fails to meet the statutory requirements for ownership under the Patent Act (sometimes referred to as "statutory standing"). "Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of . . . statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)).

"Under [the Patent Act], only a 'patentee' is permitted to pursue a patent infringement action[.]" *Schwendimann*, 959 F.3d at 1072 (quoting 35 U.S.C. § 281). Patentees "include[] not only the patentee to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). Where the party suing for infringement "is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a

[1] The Court need not separately analyze the Hipe-NetLens License in this opinion because NetLens "succeed[ed] to all the rights . . . of [Hipe]." *Transfer of Exclusive License*.

[2] The licenses were formed in South Korea, so it appears that any contractual dispute is governed by South Korean law. *See Akazawa v. Link New Tech. Int'l, Inc.*, 520 F.3d 1354, 1357 (Fed. Cir. 2008). The parties did not brief this issue, so the Court will interpret the license agreements according to their plain language.

mere license.'" *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009)). "In distinguishing between 'an assignment' and a 'mere license,'" courts ask "'whether the agreement transferred all substantial rights to the patents.'" *Id.* (quoting *AsymmetRx*, 582 F.3d at 1319). The Court may also look at the license agreements because redacted portions are available in the public record. *See Hall v. Hodgkins*, 305 F. App'x. 224, 227 (5th Cir. 2008) (per curiam) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record" (internal quotation marks and citation omitted)).

Plaintiff meets the statutory requirements to sue because the license conveyed all substantial rights. Plaintiff alleged in its complaint that it "owns all rights, title, and interest" in the Selected Patents. FAC at ¶¶ 43, 55, 67. The ETRI-Hipe License reflects that assertion because it transferred "all substantial rights." Mot. at 11. That is plainly sufficient to enable Plaintiff to sue for patent infringement under the Patent Act. Defendant objects that "merely parroting 'all substantial rights' or other 'labels given by the parties does not control.'" *Id.* (cleaned up) (citing *A123 Sys., Inc. v. Hydro-Quebec*, 626 F.3d 1213, 1218 (Fed. Cir. 2010)). That is not quite right. "Broad conveyance[s] of all right, title and interest" fail to suffice only when "the rest of the agreement substantially curtails [Plaintiff's] rights." *Lone Star Silicon Innovations*, 925 F.3d at 1230 (cleaned up). In *Lone Star*, for example, the Federal Circuit held that a license "agreement's broad conveyance of 'all right, title and interest' in the covered patents" did not actually convey "all substantial rights" because the "agreement gave [the licensor] important rights in the patents." *Id.* at 1230-31. But here, neither ETRI nor Hipe expressly retained any rights to the Selected Patents. Defendant further argues

that, because certain rights mentioned in the ETRI-Hipe License are called "exclusive" while others are not, the license limits "all substantial rights." Mot. at 11. Not so. Those additional rights are not limitations to the "all substantial rights" language, like in *Lone Star*. Rather, as the ETRI-Hipe License expressly states, "all substantial rights" are "*including, but not limited to*" the various rights Defendant notes. *Id.* at 7 (emphasis added). Those additional clauses are non-exhaustive examples of the rights conferred. They are not "limits affecting 'control over the patents' [that] might 'modify or limit the absolute transfer of title.'" *Lone Star Silicon Innovations*, 925 F.3d at 1230 (quoting *Rude v. Westcott*, 130 U.S. 152, 163 (1889)).

Defendant separately argues that, because the ETRI-Hipe License specified that Hipe could grant licenses to third parties for monetization but did not specify that it could grant licenses to third parties for other purposes, Hipe's express right to engage in patent litigation was not transferrable. *See* Mot. at 11. That argument ignores the plain language of the agreement. "All substantial rights" conferred in the agreement are not limited by the explanatory clauses on which Defendant relies because "all substantial rights" are "including, but not limited to" those clauses. *Id.* at 7.

In short, Plaintiff possesses all substantial rights to the Selected Patents and thus meets the requirements to sue for patent infringement under the Patent Act.

## II. Claims for Past Infringement

Plaintiff cannot sue for infringement that occurred before it acquired its license to the Selected Patents. "A party may sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010). And "[u]nder the general rule, the bare

reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) (per curiam); *see also Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-cv-01178-ADA, 2023 WL 2904583, at *3 (W.D. Tex. Apr. 11, 2023) (assignment conferring the "entire right, title and interest was insufficient to transfer the right to sue for past damages" (cleaned up)).

Plaintiff argues that it can sue for past infringement because it "owns all rights, title, and interest" in the Selected Patents. FAC at ¶¶ 43, 55, 67. That is not enough. *See Minco*, 95 F.3d at 1117. The ETRI-Hipe License conveys "the right to independently engage in [p]atent [l]itigation," but does not extend that right to infringement that occurred before the license was created. Mot. at 7. The only two references in the license to past periods are to the right to "independently grant[] licenses . . . for all past, present, and future periods of time," and "collect licensing fees for . . . the past, present, and future[.]" *Id.* But neither of those rights expressly grants the right to sue for past infringement, and the right to sue for past infringement "can[]not be inferred from an assignment[.]" *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 n. 7 (Fed. Cir. 1991); *see, e.g.*, *Epic Sporting Goods, Inc. v. Fungoman LLC*, No. 09-1981, 2011 WL 588496, at *3 (W.D. La. Feb. 10, 2011) (finding express right to sue for past infringement where agreement stated that assignee had right to sue for "all claims for damages by reason of *past* and future infringement" (emphasis added)).

Plaintiff responds that its ability to sue for past infringement is a question about the scope of damages "which is analytically distinct from statutory standing." Resp. to Mot. at 12 (ECF No. 20). That is not how the Federal Circuit sees it. In *Abraxis Bioscience*, for example, the court held that the

licensee's "complaint must be dismissed because [the licensee] lacked standing at the time the action was filed . . . to sue for past infringement." 625 F.3d at 1367; *see also Total Rebuild, Inc. v. PHC Fluid Power, LLC*, No. 15-01855-BAJ-CBW, 2018 WL 3901195, at *2 (W.D. La. Aug. 15, 2018) (finding that, "absent explicit language conveying the right to sue for past infringement, the assignee lack[ed] standing to sue for past infringement . . . and damages that occurred before [the date of assignment]"). Indeed, multiple courts have dismissed claims for past infringement at the motion to dismiss stage where the plaintiff did not have statutory standing to assert those claims. *See Laltitude LLC v. Soyeeglobal*, No. 2:22-cv-00198-ODW (RAOX), 2025 WL 1259730, at *1 (C.D. Cal. Apr. 30, 2025) (denying a motion for clarification after the court "dismissed the patent infringement claim with prejudice" because "assignment did not explicitly include legal title to sue for past infringement"); *A10 Networks, Inc. v. Brocade Commc'ns Sys., Inc.*, No. 5:11-cv-05493-LHK, 2012 WL 1932878, at *6 (N.D. Cal. May 29, 2012) (granting "motion to dismiss as to [assignee's] claim for past infringement" after finding that assignee "did not acquire the right to sue for past infringement[,]" and thus "lack[ed] standing to do so"). So too here. Plaintiff's claims for infringement that occurred before Plaintiff acquired its license on June 19, 2025 are dismissed without prejudice.[3]

## CONCLUSION

The Court DENIES Defendant's Motion to Dismiss in part and GRANTS Defendant's Motion to Dismiss in part. ECF No. 18. Plaintiff's claims in counts II, III, and IV of its First

---

[3] The claims are dismissed without prejudice to provide Plaintiff the ability to replead facts plausibly establishing a right to sue for past infringement, if such facts exist.

Amended Complaint for damages arising from patent infringement occurring before June 19, 2025, are dismissed without prejudice.

*So ordered by the Court on October 8, 2026.*

ANDREW DAVIS
United States District Judge